# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:04CR516 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RONNEY BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of Barbara J. Thielen to withdraw as counsel for the defendant, Ronney Brown (Brown) (Filing No. 29).  The court held a hearing on the motion on November 23, 2005.  Ms. Thielen appeared for defendant Brown and the government was represented by Assistant U.S. Attorney Robert C. Sigler.  Brown appeared by telephone conference as he asserted he was confined to his bed by reason a back injury. The court determined the motion should be granted.  Mr. Thielen's motion to withdraw (Filing No. 29) is granted and substitute counsel will be appointed.

Initially the court appointed William C. Bracker as substitute counsel.  However, it was determined that Mr. Bracker had a conflict of interest because of a previous representation of an interested party in this case.  Mr. Bracker filed an appearance in this matter (Filing No. 32), but now has the court's leave to withdraw as counsel for Brown.

Susan M. Bazis, 209 South 19th Street, Omaha, NE 68102, (402) 342-4246, is appointed to represent Brown for the balance of these proceedings pursuant to the Criminal Justice Act.  Ms. Bazis shall file her appearance in this matter forthwith.  The clerk shall provide a copy of this order to Mr. Hug and to the Federal Public Defender.

Ms. Thielen shall forthwith provide Ms. Bazis with the discovery materials provided the defendant by the government and such other materials obtained by Ms. Thielen which are material to Brown's defense.

In order to provide new counsel adequate time to prepare for trial, trial of this matter is rescheduled before Chief Judge Joseph F. Bataillon and a jury commencing at 9:00 a.m.

on February 13, 2006.  During the hearing on November 23, 2005, Brown requested such additional time and acknowledges the time provided would be excluded from the computations under the Speedy Trial Act.  The additional **time** arising as a result of the granting of the request, i.e., the time between **November 23, 2005 and February 13, 2006,** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason that counsel require additional time to adequately prepare the case.  The failure to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(8)(A) & (B).

**IT IS SO ORDERED.**

DATED this 28th day of November, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge